USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,         :
                                  :
                                  :          **16 CR 809(VM)**
         -against-                :          **DECISION AND ORDER**
                                  :
JOSE AYALA,                       :
                                  :
                 Defendant.       :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated September 21, 2020, defendant Jose Ayala ("Ayala") moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See Attached Letter.) The Court denies the motion at this time without prejudice because Ayala has not established that the reasons he relies upon are sufficiently "extraordinary and compelling" to warrant relief.

As a threshold matter, it is not apparent whether Ayala has satisfied the exhaustion requirements based on the evidence submitted. A defendant may not seek relief in court under Section 3582 until (1) he has "fully exhausted all administrative rights" within the Bureau of Prisons ("BOP"), or (2) thirty days have lapsed since he submitted a request for release to the warden. United States v. Battle, 05 CR 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (citing Section 3582).

1

Ayala states that he submitted a request for compassionate release to the warden of his facility on or about August 14, 2020 and has received no response. In support of these assertions, Ayala submits a September 14, 2020 email he sent, in which he states that he submitted a release request to the warden a month before. The Court is not persuaded that this email sufficiently supports Ayala's assertions for two reasons. First, the email was not sent to the warden; the apparent recipient of the email is "Inmate Work Assignment." Second, the email is not the request for compassionate release itself, but rather includes a reference to that request, authored by Ayala. A more suitable proof would include a record of the actual request and some documentation of the BOP's receipt.

However, even if Ayala had sufficiently demonstrated compliance with Section 3582's exhaustion requirement, he has not established "extraordinary and compelling" circumstances warranting a sentence reduction. Ayala's primary argument in support of compassionate release is that he is needed to care for his mother. The Court acknowledges that "the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists." United States v. Yoda, No. 15 CR 95, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020). Indeed, when the court

2

"receive[s] evidence from several sources" indicating that the defendant "is the only available caregiver" for a family member in "dire conditions," an extraordinary and compelling reason has been established. United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020). However, Ayala does not make such a showing here.

The evidence before the Court is insufficient to demonstrate the severity of his mother's health condition or that Ayala is the only caregiver available to her. Ayala submits an excerpt from his sentencing transcript in which this Court granted an extension of his self-surrender date so that Ayala could "make appropriate arrangements to ensure the care of his mother." (Sentencing Tr. at 17:14-19.) This excerpt indicates that his mother's health condition was known to the Court at the time of sentencing, but it has no bearing on his mother's current condition or whether her condition has changed since Ayala was sentenced on April 13, 2018. Ayala also provides a one-page medical record, detailing a procedure his mother underwent in October 2018, a few months after Ayala was sentenced and over two years ago, but this document likewise does not shed light on his mother's present condition. Moreover, none of this evidence demonstrates that Ayala is his mother's "only available caregiver." Lisi, 440 F. Supp. 3d at 252.

3

Therefore, on the record before it, the Court does not find extraordinary and compelling circumstances have been established.[1]

Accordingly, it is hereby

**ORDERED** that the motion of defendant Jose Ayala for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED** without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Jose Ayala, Register Number 78351-054, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       11 November  2020

_____
Victor Marrero
U.S.D.J.

---

[1] Having concluded the extraordinary and compelling standard has not been met, the Court need not -- and does not -- address the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A) (noting that the court shall consider the sentencing factors set forth in Section 3553(a) "if" it finds "extraordinary and compelling reasons warrant" a sentence reduction).

4

United States
Vs,
Jose Ayala
Pro'se
16 cr 809

Motion for Compassionate Release/Reduction in Sentence, Pursuant to 18 U.S.C. 3582 (c)(1)(A). Policy Statement, 1B1.13

Date: September 21, 2020

RE: <u>Compassionate Release</u>

Petitioner, Jose Ayala, brings this motion before the Court for the purpose of Compassionate Release pursuant to 18 U.S.C 3582 (c)(1)(A). Petitioner is asserting that his mother, Elizabeth Ayala, is gravely ill and needs petitioner home as a primary Care taker. Petitioner's mother suffers from Chrones Disease, as well as Sciatica Neuropathy. Both of which has worsened since Petitioner's sentencing/Self surrender. In fact, the Court (at Sentencing) extended Petitioner's date for Self Surrender being that petitioner was his mother's Care taker at time. Petitioner's mother resides alone and have extreme difficulty moving about. [see exhibit 1, pages 17, 18, 19 of Petitioners Sentencing transcript].

As a result of recent statutory changes, District Courts may now reduce the sentences of previously sentenced federal inmates under certain limited Conditions. These include:

1). The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. 3582(c)(1)(A)(ii);

2). The inmate is suffering from mental and/or physical Conditions which substantially diminish his Capacity to provide Self Care USSG 1B1.13, Commentary 1 (A)(ii);

3). The inmate is at least 65 years old, has served the of 10 years or 75% of his sentence, and is experiencing a serious deteriorating/deterioration in physical or mental health because of the aging process, USSG 1B1.13, Commentary (1)(B).

4). The inmate is suffering from terminal illness, USSG 1B1.13, Commentary 1 (A) (i);

5). There are "extraordinary and compelling reasons" to reduce the inmate's sentence which constitute "other reasons" for Compassionate Release, including a combination of the factors mentioned above, USSG 1B1.13, Commentary (1)(D).

The Sentencing Commission's Policy Statement, 1B1.13, which was adopted before the recent statutory change granting District Courts the authority to grant compassionate release sentencing reductions, provides that "other reasons" for compassionate releases are those 'determined by the Director of the Bureau of Prisons'. Commentary 1 (D). Since the authority to grant compassionate releases has now been extended to District Courts, district Judges "assume the same discretion as the BOP Director when it considers a Compassionate release motion properly before it." United States v. Rodriguez, 2020 WL 1627331 at *4 (E.D. Pa. 2020).

In citing, the "other reasons" doctrine Petitioner prays that the Court find that his mother's deteriorating health, combined with the fact that she currently reside alone considering Petitioner is not there to provide care, constitutes "extraordinary and compelling circumstances".

Furthermore, Petitioner did submit a Compassionate Release/RIS form to the Warden at his facility on or about August 14, 2020. Following the lapse of 30 days, and no response from the Warden, Petitioner addressed the Warden (by electronic email) to ascertain why he never received a response? Something the Petitioner was "not" required to do. Congress recently amended federal statutory law to allow District Courts to entertain petitions for compassionate release from federal inmates. A federal inmate may file a petition for compassionate release after he has "fully exhausted all administrative remedies/rights" or "the lapse of 30 days from receipt of such a request by the Warden of the defendant's facility, whichever is less." 18 U.S.C 3582(c)(1)(A). United States V. Hilton, CR No. 1:18-324, 2020 WL 836729 at *2 (M.D.N.C. Feb. 20, 2020). Several Courts has interpretated the 30 day rule to provide the federal inmate the option of exhausting the BOP administrative process or seeking relief from the District Court after a lapse of 30 days, "which ever is less." Which is literally what the Statute states, and such interpretation of the Statute recognizes the Congressional purpose of providing timely and effective review of Compassionate release request. See; United States V. Gray, 416 F. Supp. 3d 784, 787 (S.D. Ind. 2019); United States V. Gardner, 2020 WL 1673315, at *1 (D. Minn. 2020); United States V. Heromin, 2019 WL 2411311, at *1 (M.D. Fla. 2019); United States V. York, 2019 WL 3241166, at *5 (E.D. Tenn. 2019). Petitioner humbly prays that the Court find that it has jurisdiction over this matter, whereas, 30 days has

4).

lapsed since the submission of Petitioner's request for Compassionate release to the Warden.

For the above, and forgoing reasons, Petitioner humbly ask that the Court find that extraordinary and compelling reasons does exist, to grant Petitioner's motion for Compassionate Release/Reduction in Sentence.

Signed, [signature]

1   indictment.
2           THE COURT:  It will be so ordered.
3           Anything else from the government?
4           MS. FENDER:  Not from the government, your Honor.
5           THE COURT:  Mr. Bell, you need to settle upon a
6   surrender date unless the government is seeking remand.
7           Ms. Fender?
8           MS. FENDER:  Your Honor, may I have just one moment?
9           THE COURT:  Yes.
10          (Pause)
11          MS. FENDER:  Your Honor, the government's ordinary
12  practice in this case would certainly be to seek Mr. Ayala's
13  immediate remand.  We opposed his release at the time of his
14  most recent violations of his pretrial conditions.  However,
15  I've spoken with Mr. Bell and what I understand is that as a
16  result of Mr. Ayala's mother's illness that he believers that
17  there are extraordinary circumstances here that warrant a small
18  additional period of time in which Mr. Ayala is to make
19  appropriate arrangements to ensure the care of his mother.
20  With that representation, the government does not object to
21  allowing Mr. Ayala a very limited amount of time in which to
22  self report.
23          Your Honor, the government would respectfully request
24  that in terms of whatever conditions your Honor might impose,
25  if your Honor is considering that proposal, that Mr. Ayala be

1  absolutely required to be in perfect compliance with whatever
2  conditions your Honor wishes to set with regard to the officer
3  who is overseeing phone reports, electronic monitoring, things
4  of that nature because the government is very hesitant to take
5  this position and wants to ensure that Mr. Ayala reports as
6  directed.
7           THE COURT:  Thank you.
8           Mr. Bell.
9           MR. BELL:  That is my understanding, judge.  We were
10 going to ask the Court to consider a delay in having him
11 surrender.  I came here and I was going to ask for 60 days for
12 a period of time to self-surrender.  That may be more than the
13 government may be willing to agree to, but we will of course
14 abide by whatever period of time the Court sets.
15          THE COURT:  Does the government have a view on the
16 proposal of 60 days?
17          MS. FENDER:  Your Honor, unless there is some reason
18 why that amount of time is required, the government would urge
19 your Honor to set a shorter period of time, something more akin
20 to three or four weeks.
21          THE COURT:  All right.  Mr. Bell, I am going to impose
22 a self-surrendering date of 45 days and that is guided by the
23 government's reference and yours to Mr. Ayala's obligation in
24 taking care of his mother in light of her deteriorating health
25 and the need for an appropriate caregiver to be identified and

1  related circumstances.
2           MR. BELL:  Understood.
3           THE COURT:  The Court believes that those are
4  sufficiently extraordinary circumstances to warrant the
5  additional time for self-surrender.  The self-surrender will be
6  subject to the bail conditions that have applied to date and
7  all other reporting requirements.
8           Mr. Ayala, should you fail to comply with all of the
9  requirements of release on bail, any requests for information
10 or reporting during this period of time could lead to the
11 revocation and your immediate remand.
12          Do you understand that?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Let me also remind you that failure to
15 self-surrender on the date indicated by the Court either to the
16 Bureau of Prisons facility selected or to the United States
17 Marshal can lead to additional prosecution for an offense
18 separate and apart from that for which you have been sentenced
19 today.
20          Do you understand this?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Let's look for a date.
23          COURTROOM DEPUTY:  May 29, 2018.
24          THE COURT:  Mr. Ayala, you're directed to surrender to
25 the Bureau of Prisons or to the United States Marshal by noon

CMS001


**Montefiore**
THE UNIVERSITY HOSPITAL FOR
ALBERT EINSTEIN COLLEGE OF MEDICINE

**Wakefield Campus Endoscopy Suite- 4th Floor**

*600 E. 233rd Street, Bronx, NY 10466 (718) 920-9047*

| | | | |
|---|---|---|---|
| **Patient Name:** | Elizabeth Ayala | **MRN:** | 01568743 |
| **Date of Birth:** | 2/6/1961 | **Gender:** | Female |
| **Age:** | 57 | **Room:** | Procedure Room 2 |
| **Attending MD:** | HILARY I. HERTAN, MD | **Account Number:** | 390617834 |
| **Procedure Date:** | 10/10/2018 9:28 AM | **Patient Room Times:** | |

**Procedure:** Colonoscopy
**Providers:** HILARY I. HERTAN, MD (Doctor), Vilma Guevarra, RN (Nurse), Fernanda Pino (Technician) Ms. Charlene Lankford CRNA
**Referring MD:**
**Indications:** Ulcerative colitis
**Medicines:** See the Anesthesia note for documentation of the administered medications
**Scope In:** 9:55:14 AM
**Scope Out:** 10:26:11 AM
**Total Procedure Duration Time:** 30 Minutes 57 Seconds

**Procedure:** Pre-Anesthesia Assessment:
- Prior to the procedure, a History and Physical was performed, and patient medications and allergies were reviewed. The patient's tolerance of previous anesthesia was also reviewed. The risks and benefits of the procedure and the sedation options and risks were discussed with the patient. All questions were answered, and informed consent was obtained. Prior Anticoagulants: The patient has taken no previous anticoagulant or antiplatelet agents. ASA Grade Assessment: III - A patient with severe systemic disease. After reviewing the risks and benefits, the patient was deemed in satisfactory condition to undergo the procedure.
After I obtained informed consent, the scope was passed under direct vision. Throughout the procedure, the patient's blood pressure, pulse, and oxygen saturations were monitored continuously. The LOANER was introduced through the anus and advanced to the terminal ileum. The colonoscopy was performed without difficulty. The patient tolerated the procedure well. The quality of the bowel preparation was good.

**Attending Participation:**
   I personally performed the entire procedure.

**Estimated Blood Loss:**
   Estimated blood loss: none.

**Findings:**
- The perianal and digital rectal examinations were normal.
- Inflammation characterized by erythema was in descending colon. This was moderate in severity, and when compared to previous examinations, the findings are worsened. Cecum, ascending colon, transevere colon, rectosigmoid colon was normal.
Biopsies were done in Terminal ileum, cecum, ascending colon, transverse colon, descending colon, sigmoid colon, rectosigmoid region and rectum.
Stool aspirate was sent for infectious diarrhea panel, C diff, Stool for O & P.
- A 2 mm polyp was found in the descending colon. The polyp was sessile. The polyp was removed with a cold biopsy forceps. Resection and retrieval were complete.
- Internal hemorrhoids were found during retroflexion. The hemorrhoids were small.
- A few small-mouthed diverticula were found in the recto-sigmoid colon.

**Post Procedure Complications:**   No immediate complications.

---

*Gastrointestinal Report*

Powered by Provation MD

*Page 1 of 3*

TRULINCS 78351054 - AYALA, JOSE - Unit: MCK-F-A

---

FROM: Warden
TO: 78351054
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/14/2020 03:07:03 PM

All applications should be submitted through the CMC office.

FCI McKean COVID-19 Statement
During the COVID-19 pandemic, our focus at FCI McKean continues to be the health and safety of our employees, inmates and the community, while doing our part to control the spread of the disease. All visitors, inmates, and staff will be screened prior to entering FCI McKean. All persons will be required to wear a face mask at all times while at this facility, and maintain at least 6 ft. social distancing. Hand sanitizer is readily available and expected to be utilized when soap and water is not accessible. Thank you for your continued support and patience as we navigate through this challenging time.

>>> ~^!"AYALA, ~^!JOSE" <78351054@inmatemessage.com> 9/14/2020 2:37 PM >>>
To:
Inmate Work Assignment: rec ord

ive sent my compassionte to warden 1 month ago ive been waiting on the reply back please as soon as you can send me a email back i have to push this issuie due to my mother health thank you Jose Ayala 78351-054

Jose Ayala # 78351054
FCI McKean (Camp)
P.O. Box 8000
Bradford, PA. 16701
F-Unit D-120

Honorable Victor Marrero
District Judge
United States Court House
500 Pearl Street,
New York, NY. 10007-1

"Legal" Mail